**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Allen Smyser,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-01165-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the appeal of Plaintiff James Allen Smyser, which challenges the Social Security Administration's decision to not reopen a previous determination. Because the Court lacks jurisdiction to review this determination, the appeal will be dismissed.

**BACKGROUND**

In February 1994, an application for Title XVI social security income benefits and an application for Title II child disability benefits was filed on behalf of Plaintiff Smyser. (Tr. at 12). He was awarded social security income benefits but was denied childhood disability benefits. Plaintiff was denied childhood disability benefits initially and upon reconsideration. A hearing request was filed in March 1995, but an Administrative Law Judge ("ALJ") dismissed the request in April 1996.

In May 2013, Plaintiff filed a new application for childhood disability benefits, alleging a disability onset date of June 1978. (Tr. at 21). Plaintiff's claim was denied both initially and upon reconsideration. (Tr. at 53; Tr. at 54–55). Plaintiff then appealed to an

ALJ. (Tr. at 59). The ALJ conducted a hearing on the matter in January 2014, and subsequently issued a decision denying benefits due to res judicata. (Tr. at 32–36). Plaintiff then appealed his decision to the Appeals Council, which remanded, finding that res judicata did not apply in these circumstances because the previous Title II folder could not be found. (Tr. at 41–44). Then, the ALJ held a new hearing and subsequently issued a decision finding the Plaintiff disabled with an onset date of June 1978. (Tr. 14–19). Plaintiff then requested that the ALJ reopen the 1994 case, but the ALJ declined, explaining her reasoning in a letter to him. (Tr. at 526–27). The ALJ explained that she could not reopen his 1994 case under the existing regulations. (*Id.*). Smyser appealed. The Appeals Council found that reopening of the 1994 application was not warranted, because regulations prevented reopening after four years, and good cause for reopening did not exist. (Tr. at 12).

**I.    Legal Standard**

The Court reviews the Commissioner's final decision to ensure that the findings are supported by substantial evidence, and that the decision is free of harmful legal error. *See* 42 U.S.C. § 405(g).

**II.    Analysis**

Plaintiff argues that the ALJ violated his due process rights by failing to reopen the 1994 determination of the Commissioner. But because Smyser fails to allege a colorable constitutional claim, the Court must dismiss this appeal.

**A.    Jurisdiction**

The Social Security Act limits the judicial review of the Commissioner's decisions to "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). A decision not to reopen a prior benefits determination is discretionary and does not ordinarily qualify as a final decision. *See Califano v. Sanders*, 430 U.S. 99, 107–09 (1977). Yet the Ninth Circuit has held courts may nonetheless exercise jurisdiction where a claimant has alleged "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse

benefits determination." *Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir. 1997) (citations omitted). A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim. *Boettcher v. Sec'y of Health & Human Serv.,* 759 F.2d 719, 722 (9th Cir. 1985). To properly raise a colorable procedural due process claim, a plaintiff must allege facts that would indicate that "he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001).

Smyser fails to allege a colorable constitutional claim here. Instead of claiming that he failed to understand the 1994 denial of his claim for child disability benefits due to a mental impairment or lack of counsel, Smyser instead alleges that he was entirely unaware of the 1994 claim, and that there was no evidence that the Commissioner provided notice of its denial. (Doc. 16 at 13). There is no evidence in the record that shows Smyser suffered from mental impairments. (*See* Tr. at 313, 317, 321, 344, 348, 357, 407) (noting normal mental status). Smyser explains that his parents handled his affairs for him at the time, and that he did not know that part of his disability benefits application had been denied. While an inability to handle one's affairs due to a physical impairment may be relevant in determining good cause under the Social Security Administration's regulations, it is insufficient to support a constitutional violation. *See* SSR 91–5p (noting that good cause may be established where "any . . . physical condition . . . limits the claimant's ability to do things for him/herself."). And while the records from his original application no longer exist, notice of the denial may be inferred from the fact that someone requested a hearing to appeal the Social Security Administration's denial. That notice satisfies due process in this context.

Smyser additionally cites cases from outside of this circuit that are inapplicable to the facts of this case. (Doc. at 16 at 12) (citing *Triggs v. Chater*, 927 F. Supp. 1394 (D. Colo. 1997); *Culbertson v. Secretary of Health and Human Services*, 859 F.2d 319, 322 (4th Cir. 1988)). *Triggs* and *Culbertson* hold that a claimant may not be bound by a previous decision of the Commissioner if the claimant did not participate in that earlier

decision. *Triggs*, 927 F. Supp. at 1395 (citing *Culbertson*, 859 F.2d at 323). They do not hold that the Commissioner *must* extend the benefits awarded back to the original application date, as Plaintiff argues here. Here, the Appeals Council allowed Smyser to file a new application for child disability benefits claim here despite the fact that his near identical claim was denied in 1994. That alone satisfies the due process requirements as articulated by *Triggs* and *Culbertson*.

## CONCLUSION

Because Smyser does not allege a colorable constitutional claim, this Court lacks jurisdiction to review his request to reopen a prior decision of the Social Security Administration.

**IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 13th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge